UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

BENITO GONZALEZ,

    Plaintiff,

vs.

RANDALL MECHANICAL, INC.
and JEFFREY S. CONDELLO,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, BENITO GONZALEZ ("Mr. Gonzalez"), by and through undersigned counsel, and hereby files this Complaint and Demand for Jury Trial against Defendants, RANDALL MECHANICAL, INC. and JEFFREY S. CONDELLO, and further states as follows:

## INTRODUCTION

1.  This is an action for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. seq.* (hereinafter "FLSA").

2.  The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect "to bargaining power and are thus relatively defenseless against the denial of a living wage is not only

1

detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937) (Hughes, C.J.).

3.      **Defendants** utilized their unequal bargaining power to render Mr. Gonzalez defenseless against the denial of the living wage he was entitled to receive and which is protected by 29 U.S.C. § 207.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Orange County, Florida in the Orlando Division of the Middle District of Florida.

## THE PARTIES

6.      At all times material, Mr. Gonzalez was an individual residing in Orange County, Florida.

7.      RANDALL MECHANICAL, INC. (hereinafter "RANDALL"), operates a construction and contracting services company in Apopka, Florida.

8.     RANDALL provides a variety of services including electrical, architectural, site work, and engineering to its commercial clientele.

9.     At all material times, JEFFREY S. CONDELLO ("Mr. Condello"), in relation to RANDALL:

a.   was an officer;

b.   was involved in the day-to-day operation;

c.   guided company policies;

d.   was actively engaged in the management, supervision, and oversight;

e.   controlled financial affairs;

f.   could authorize compliance with the FLSA and other laws;

g.   acted directly or indirectly in the interest of the employer in relation to its employees; and,

h.   was substantially in control of the terms and conditions of employees' work.

10.     Mr. Gonzalez worked for RANDALL as a "lead man" in the electrical unit.

11.     Mr. Gonzalez was paid an hourly wage for some but not of all of the hours he worked.

12.     Mr. Gonzalez retained LaBar & Adams, P.A. to represent him and he has agreed to pay said firm a reasonable attorney's fee and costs for its services.

## **GENERAL FACTUAL ALLEGATIONS**

13.     RANDALL employees over 1400 individuals.

14.     RANDALL is an "employer" as defined by 29 U.S.C. § 203(d).

15.     RANDALL has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facilities where Mr. Gonzalez performed work.

16.     RANDALL employed two or more persons who have "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

17.     Mr. Gonzalez avers that at all times relevant, RANDALL is an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

18.     At all times relevant to employment, Mr. Gonzalez regularly used the instrumentalities of interstate commerce while performing work.

19.     At all times relevant to employment, Mr. Gonzalez also regularly used the channels of commerce while performing work.

## FACTS ALLEGED

20.     While working for RANDALL, Mr. Gonzalez was compensated as an hourly employee.

21.     Throughout his employment, Mr. Gonzalez was paid an hourly rate for some but not all hours worked.

22.     Throughout his employment, Mr. Gonzalez worked numerous workweeks where his hours exceeded forty but he was not paid time-and-a-half for each overtime hour worked.

23.     While working for RANDALL, Mr. Gonzalez performed common electrician work and he also supervised other hourly workers.

24.     Among his other duties, Mr. Gonzalez was also responsible for daily pre-shift work which consisted of preparing materials, tools, and forms for other laborers before they started their shifts.

25.     Mr. Gonzalez was also responsible for post-shift work which commenced after the laborers' shifts and included completing paperwork and accounting for materials and tools used by the laborers during their shifts.

26.     Mr. Gonzalez regularly commenced work at 6:30 a.m., or 30 minutes prior to the laborers' 7:00 a.m. start time, and he stayed working up to 15 minutes after the laborers' shifts which usually ended at 3:30 p.m.

27.     Despite working longer, Mr. Gonzalez was only paid for the 7:00 a.m. to 3:30 p.m. shift work that the laborers completed.

28.     Mr. Gonzalez also regularly worked through his lunch break but he was subjected to an automatic lunch deduction of 30 minutes regardless of whether he actually took a lunch break.

29.     Defendants were aware that Mr. Gonzalez was performing pre-shift and post-shift work, and that he was working through lunch.

30.     Defendants knew or should have known that Mr. Gonzalez was not being compensated for all hours worked.

**COUNT I**
**VIOLATIONS OF THE OVERTIME PROVISION OF THE**
**FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS**

31.     The allegations contained in paragraphs 1-30 above are realleged herein.

32.     At all relevant times, Defendants repeatedly and willfully violated § 7 and § 15 of the FLSA by failing to compensate Mr. Gonzalez at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.

33.     Mr. Gonzalez was compensated for some but not all of the overtime hours he worked during a workweek.

34.     Specifically, Mr. Gonzalez worked in excess of forty (40) hours in numerous weeks, yet was not compensated for all work in excess of forty

(40) hours at a rate not less than one and one-half times of his regular rate because he was not paid for his pre-shift or post-shift work, or for time spent working through his lunch breaks.

35.     Defendants willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

36.     Defendants failed to post the required notice pursuant to the Fair Labor Standards Act.

37.     In addition to RANDALL, Mr. Condello is individually liable for the FLSA violations as alleged.

WHEREFORE, Mr. Gonzalez demands judgment against Defendants, jointly and severally, for the following:

(a)     Unpaid overtime wages found to be due and owing;

(b)     An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest;

(d)     A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues contained herein this Complaint.

7

Dated: May 6, 2021

Respectfully submitted,


*/s/ N. Ryan LaBar, Esq.*
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email:rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)